The Douglass Furnace Company, a Corporation of the State of Illinois, for the use of Price McKinney, Receiver of Corrigan, Ives & Co., now for use of the Hostetter Connellsville Coke Company, *v.* Oil Well Supply Company, Appellant.

*Use plaintiff—Assignment of claim—Receivers.*

In an action of assumpsit on a book account, it appeared that the indebtedness of the defendant, a corporation, had been assigned to a partnership whose affairs were in the hands of a receiver authorized to complete outstanding contracts of the partnership, and to use, for purposes of the receivership, the commercial and mining paper of the corporation coming into his hands. The receiver assigned the indebtedness to the use plaintiff, which assignment was ratified by the legal plaintiff. The defense was that attachments had been issued in the state of Ohio against the legal plaintiff, with notice to the receiver. The court gave binding instructions for the plaintiff. *Held,* (1) that as the attachments had not been served on the defendant it was not affected by them; (2) that the effect of the attachments in Ohio was a question which could not be raised by the defendant in Pennsylvania, but must be settled by the receiver with the court which has jurisdiction over his accounts; (3) that as to the defendant, both the legal plaintiff and the partnership of Corrigan, Ives & Co. have invested the use plaintiff with their interest in and title to the debt in suit; (4) that payment of this judgment will relieve the defendant from further liability for the demand upon which it was founded; (5) that plaintiff has shown a right to recover in this case, and the judgment was properly entered.

Argued Nov. 10, 1896. Appeal, No. 75, Oct. T., 1896, by defendant, from judgment of C. P. No. 3, Allegheny Co., August Term, 1894, No. 159, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on book account. Before KENNEDY, P. J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $10,047.09. Defendant appealed.

*Error assigned* was above instruction.

*James C. Boyce*, for appellant.—A receiver is an officer of the court, and the property in his hands is in custodia legis. The receiver has only such powers as are expressly conferred upon him by the order of his appointment or such as are conferred upon him by established rules and usages of a court of chancery : Beach on Receivers, sec. 2.

He must not exceed the prescribed limits of his authority : Bank v. White, 6 Barb. 589; Verplack v. Ins. Co., 2 Paige, 452; Yeager v. Wallace, 44 Pa. 294; Singerly v. Fox, 75 Pa. 112.

It is improper for a receiver to pay over moneys without the order of the court. No one but a court has a right to decide to whom moneys received by him belong or are payable : Duffy v. Casey, 7 Robertson, 79.

*Edwin W. Smith*, with him *P. C. Knox* and *James H. Reed*, for appellee.—The possession of the receiver being considered the possession of the court, the property in his hands is looked upon as being in custodia legis, and on that account, it is not to be taken upon any writ of attachment of execution while in his possession : Beach on Receivers, sec. 713; High on Receivers, sec. 151.

OPINION BY MR. JUSTICE WILLIAMS, January 4, 1897 :

The defendant company was indebted to the legal plaintiff in the spring of 1893 for goods sold and delivered to the extent of about $10,000. The furnace company was indebted at the same time to Corrigan, Ives & Co., and having become insolvent it assigned its demand against the defendant, with its other accounts and bills receivable, to Corrigan, Ives & Co., whose affairs were then in the hands of a receiver. The order of court appointing the receiver authorized him to complete the outstanding contracts of Corrigan, Ives & Co. to pay the expenses accruing in the business under his management, and to indorse and use for the purposes of the receivership the commercial and mining paper of the firm coming into his hands. In December, 1893, the receiver assigned the account against the Oil Well Supply Company to the use plaintiff, The Hostetter Connellsville Coke Company. This assignment was ratified by the Douglass Furnace Company in writing on the fifth day of De-

cember, 1893, so that the present plaintiff derives its title from the original creditor of the Oil Well Supply Company, as well as from Corrigan, Ives & Co., its assignee. The only defense set up does not go to the debt sued for, but to the title of the use plaintiff. The allegation is that attachments have been issued in the state of Ohio against the Douglass Furnace Company, with notice to the assignee of Corrigan, Ives & Co. as garnishee, which are binding in that state upon the assignee. As these attachments have not been served on the Oil Well Supply Company they are not affected by them. Whether Price McKinney has incurred responsibility to these attaching creditors by the assignment of this demand against the Oil Well Supply Company to the use plaintiff, after the service of the attachments upon him, is a question which he must settle with the court which has jurisdiction over his accounts. It cannot be raised by the defendant. As to it, and as to everybody, unless it may possibly be the attaching creditors, both the Douglass Furnace Company and Corrigan, Ives & Co. have invested the present plaintiff with their interest in and title to the debt in suit, and payment of this judgment will relieve the defendant from further liability for the demand upon which it is founded. Whether McKinney shall be surcharged by the Ohio courts because of his having made the assignment to the coke company is not for us to consider. Our question is whether the plaintiff shows a right to recover upon the facts as they are presented on this record.

The assignments of error are overruled and the judgment is affirmed.